# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES HENRY MOORE, III,

          Petitioner,   :   Case No. 3:18-cv-145
                                      Also Case No. 3:18-cr-021

  - vs -                               District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

UNITED STATES OF AMERICA,

                                    :

          Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, purportedly pursuant to 28 U.S.C. § 2241, is before the Court for initial review upon filing.

The Petition was filed on behalf of the Petitioner by Deborah J. Sims, who identifies herself as the Petitioner's mother (ECF No. 1, PageID 9). However, Ms. Sims is not an attorney at law admitted to practice before this Court and therefore not authorized to file pleadings on behalf of another person. In federal court litigants must either be represented by counsel or proceed *pro se*. Petitioner Moore has retained counsel in his companion criminal case, attorney L. Patrick Mulligan. To the extent the Petition raises arguments about Moore's entitlement to pre-trial relief in his criminal case, those arguments must be made in that case by Mr. Mulligan. The Clerk is directed to furnish Mr. Mulligan with a copy of this Report and the Petition.

Second, the Petition was tendered without payment of the required filing fee of $5.00 or an application to proceed *in forma pauperis*.

For the foregoing reasons, the Magistrate Judge respectfully recommends the Petition be dismissed without prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 3, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).